UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 03-1146(DSD/JSM)

Evelyn Olson,

        Plaintiff,

v.                                                         **ORDER**

United States of America
d/b/a United States Postal
Service,

        Defendant.


        Brian A. Thompson, Esq. and Katz, Manka, Teplinsky, Due
        & Sobol, 225 South Sixth Street, Suite 4150, Minneapolis,
        MN 55402, counsel for plaintiff.

        Friedrich A. Siekert, Assistant U.S. Attorney, 600 U.S.
        Courthouse, 300 South Fourth Street, Minneapolis, MN
        55415, counsel for defendant.


        This matter is before the court upon the motion of defendant United States of America to dismiss for failure to state a claim upon which relief may be granted under Fed. R. Civ. P. 12(b)(6). Because the court lacks jurisdiction over the subject matter of the litigation, plaintiff's action is dismissed pursuant to Fed. R. Civ. P. 12(h)(3).

**BACKGROUND**

        Plaintiff alleges that she was injured when a United States Postal Service ("USPS") truck stuck her vehicle on December 15,

1999. Plaintiff filed a claim with the USPS, asserting that she suffered personal injuries and property damage as a result of the accident. Plaintiff submitted the claim on a Standard Form 95 ("SF95"), which is the standardized form for tort-based claims against agencies of the federal government.[1]  The SF95 form includes spaces in which claimants are to enter dollar amounts for personal injury damages, property damages and total damages claimed.

Plaintiff's SF95 was initially submitted on January 10, 2000. Although the form claimed $10,635.92 in property damage, it did not specify an amount for personal injuries or a total amount for her claim. (Plunkett Decl. Ex. B.)  Instead, plaintiff wrote "still doctoring don't have amount yet" in the space marked "Personal Injury." (Id.)  The space marked "Total"[2] was left blank. (Id.)  The USPS responded immediately to plaintiff's submission, informing her by letter that because the SF95 was incomplete, the USPS could not accept it or process plaintiff's claim. (Plunkett Decl. Ex. D.)  The USPS also sent plaintiff a blank SF95 with instructions stating **"DO NOT LEAVE ANY SPACES BLANK."**  (Id.) (Emphasis in original.)

---

[1] See e.g., Cook v. United States on Behalf of U.S. Dept. of Labor, 978 F.2d 164, 166 (5th Cir. 1992) (noting that SF95 is the "usual" method for filing such claims).

[2] Box 12d., marked "Total," also states "(Failure to specify may cause forfeiture of your rights.)" (Plunkett Decl. Ex. B.)

2

No further communication took place between plaintiff and the USPS until July 30, 2001, when plaintiff's attorney sent the USPS a notice of representation and request for information. (Plunkett Decl. Ex. E, Thompson Letter of July 30, 2001.) The USPS responded by letter on July 31, 2001, explaining to plaintiff's attorney that an SF95 must be filled out completely and "must be for a specific amount." (Plunkett Decl. Ex. F, Plunkett Letter of July 31, 2001.) The USPS letter also stated, "[t]hat amount must be shown in the appropriate spaces(s) [sic]." (Id.)  The letter cited 39 C.F.R. § 912, which describes the information claimants must provide when filing a claim for damages against the USPS. (Id.)

Plaintiff's attorney responded by letter dated August 22, 2001. (Plunkett Decl. Ex. G, Thompson Letter of August 22, 2001.) He included a copy of a letter from plaintiff's physician opining that plaintiff's recent surgery was necessitated by the December 15, 1999 accident. (Plunkett Decl. Ex. H, Dr. Cove Letter of June 26, 2001.) Plaintiff's attorney advised the USPS to "adjust your reserves accordingly." (Thompson Letter of August 22, 2001.) Neither the attorney's letter nor the enclosed physician's report stated a specific amount for personal injury damages arising from the accident.

Another long lapse in communication between plaintiff and the USPS occurred until October 31, 2002, when plaintiff's attorney filed a fully-completed SF95 alleging property damage in the amount

3

of $1,442.03, personal injury damages of $225,000 and total damages of $226,442.03. (Plunkett Decl. Ex. I.) The USPS replied by letters dated November 5 and 7, 2002, acknowledging receipt of the SF95, informing plaintiff that the USPS had up to six months to make a final disposition of the claim and that the claim had been forwarded to Federal Civil Practice Section Law Department for further consideration. (2d Plunkett Decl.) On November 25, 2002, the USPS informed plaintiff's attorney that the claim had been denied as falling outside the two-year statute of limitations set forth in 28 U.S.C. § 2401(b). (Plunkett Decl. Ex. J.) The USPS noted that the claim had been received on November 1, 2002, while the accident had occurred on December 15, 1999, nearly three years earlier. (Id.) After plaintiff's counsel disputed the conclusions of the USPS and requested it reconsider, the USPS denied the request for reconsideration and referred to its decision as a final action. (Plunkett Decl. Ex. L, Skoglund Letter of December 12, 2002.)

Plaintiff then commenced the present action against defendant United States of America pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2401 et seq. Defendant now moves pursuant to Fed. R. Civ. P. 12(b)(6) to dismiss the action for failure to state a claim upon which relief may be granted.

4

**DISCUSSION**

On a motion to dismiss for failure to state a claim upon which relief may be granted, the court must "accept the allegations in the complaint as true." Hafley v. Lohman, 90 F.3d 264, 265 (8th Cir. 1996). The court will grant the motion only if "it is clear that no relief can be granted under any set of circumstances that could be proved consistent with the allegations." Alexander v. Peffer, 993 F.2d 1348, 1349 (8th Cir. 1993) (quoting Hishun v. King & Spalding, 476 U.S. 69, 73 (1984)). Here, the government asserts that the court lacks subject matter jurisdiction because plaintiff did not properly file her claim within the two-year statutory period established by the FTCA, thereby failing to exhaust her administrative remedies. As a factual jurisdictional attack, the government's motion would have been more properly brought under Fed. R. Civ. P 12(b)(1).³ Nonetheless, "[w]henever it appears by

---

³ See Wax 'N Works v. City of St. Paul, 213 F.3d 1016, 1020 (8th Cir. 2000) (holding motion to dismiss for failure to exhaust remedies in 42 U.S.C. § 1983 action should have been brought under Rule 12(b)(1) rather than Rule 12(b)(6)); see also Johnson v. United States, 47 F. Supp.2d 1075, 1078 (S.D. Ind. 1999) (finding same on issue of waiver of sovereign immunity under FTCA); 5A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure Civ.2d § 1350 (noting that motion to dismiss for lack of subject matter jurisdiction differs from motion to dismiss for failure to state a claim).
   Where a defendant challenges the fact of jurisdiction, the court does not limit its inquiry to the averments of the complaint, as it must under Rule 12(b)(6). Rather, it is "free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." Osborn v. United States, 918 F.2d 724, 730 (8th Cir. 1990).

5

suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." Fed. R. Civ. P. 12(h)(3).

"Compliance with the statute of limitations of 28 U.S.C. § 2401(b) is a jurisdictional prerequisite to suit under the Federal Tort Claims Act." Osborn v. United States, 918 F.2d 724, 728 (8th Cir. 1990); Melo v. United States, 505 F.2d 1026, 1028 (8th Cir. 1974). While the statute requires only that a claim be "presented in writing ... within two years after such claim accrues," applicable regulations require that the notice of claim state a "sum certain." 28 U.S.C. § 2401(b); 28 C.F.R. § 14.2; 39 C.F.R. § 912.5; see also 28 U.S.C. § 2675(a) (stating that tort claims may not be brought in federal court unless first presented to appropriate agency). "If a sum certain, as required by 28 C.F.R. § 14.2, is lacking from a purported 'claim,' the claim fails to comply with § 2401(b)." Miller v. United States, 418 F. Supp. 373, 376 (D. Minn. 1976). The Eighth Circuit Court of Appeals has held that the sum certain requirement of 28 C.F.R. § 14.2 is reasonable. See Lunsford v. United States, 570 F.2d 221, 226-27 (8th Cir. 1977).

The sum certain requirement serves various purposes. For example, early notice of the amount of the claim facilitates prompt settlement. See Lundgren v. United States, 810 F. Supp. 256, 258 (D. Minn. 1992). It also allows the agency in question to

6

determine whether the approval of the attorney general is required prior to settlement of the claim. See id.; 28 U.S.C. § 2672. The specific sum requirement has also been cited as necessary to a determination of the availability of insurance coverage. See Caton v. United States, 495 F.2d 635, 638 (8th Cir. 1974).

Plaintiff argues that she was unable to determine the extent of her personal injuries within the two-year statutory period due to the complexity of her medical condition.[4] The Eleventh Circuit Court of Appeals addressed that argument in Suarez v. United States, 22 F.3d 1064, 1065-66 (11th Cir. 1994). Like plaintiff, Suarez failed to provide the agency with a sum certain in his notice of claim. See id. at 1065. In rejecting the argument that Suarez' damages were unliquidated when he filed the claim, the Eleventh Circuit noted that it is "quite normal for full recovery, both physical and mental, to require more than the two years allowed for by the filing of an administrative claim." Id. at 1066. The court held that carving out an exception to the two-year statute of limitations for unliquidated claims would be contrary to the express language of the FTCA. See id.

USPS regulations allow claimants to amend properly filed claims "at any time prior to Postal Service final action." 39 C.F.R. § 912.5. Moreover, initial claims are deemed to be offers

---

[4] Plaintiff had suffered numerous injuries from several previous motor vehicle accidents. (Pl.'s Mem. in Opp'n to Def.'s Mot. to Dismiss at 2-4.)

to enter into negotiations for settlement rather than offers of compromise. See Wiseman v. United States, 976 F.2d 604, 607-07 (9th Cir. 1992) (citing Odin v. United States, 656 F.2d 798, 803-04 (D.C. Cir. 1981)). The government's tender of even the full amount claimed on the SF95 is not considered final agency action unless the claimant accepts the offer. See Odin, 656 F.2d at 803-04. Thus, plaintiffs are not bound by the sum specified in their initial filing, nor are they prejudiced by an inability to fully ascertain their damages prior to submitting their claims.

In this case, the USPS notified both plaintiff and her attorney that the claim was improper without a sum certain. (Plunkett Decl. Ex. D and F.) The agency sent explicit instructions, cited the pertinent regulations and explained that the failure to properly complete the form could affect plaintiff's rights. (Id.) Plaintiff was afforded ample opportunity to file a corrected SF95 prior to the expiration of the statutory period but did not do so. When plaintiff finally did submit a complete SF95, including a sum certain, the USPS properly denied the claim as being filed outside the two-year statute of limitations. (Plunkett Decl. Ex. J and L.)

Exhaustion of administrative remedies is a jurisdictional prerequisite under the FTCA. See Radman v. United States, 752 F.2d 343, 344 (8th Cir. 1985); Meeker v. United States, 435 F.2d 1219, 1220 (8th Cir. 1970). Because plaintiff failed to present the USPS

proper written notice of her claim within two years of its accrual, the court lacks jurisdiction over the subject matter of the dispute. Therefore, the action is dismissed pursuant to Fed. R. Civ. P. 12(h)(3). Moreover, because the time for filing a proper claim with the USPS has run, the jurisdictional defect cannot be corrected. Therefore, the action is dismissed with prejudice.

## CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that defendant's motion to dismiss [Doc. No. 12] is granted and plaintiff's action is dismissed with prejudice.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: November 4, 2003

_____
David S. Doty, Judge
United States District Court

9

For Immediate Release
October 30, 2003

# PRESS RELEASE
UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
300 South Fourth Street, Suite 202, Minneapolis, Minnesota
Contact: Richard D. Sletten, Clerk, (612) 664-5026

## FEDERAL COURT AMENDS LOCAL PRACTICE RULES

The U.S. District Court for the District of Minnesota announces the approval, of amendments to its local rules of practice recommended by the Court's Federal Practice Committee chaired by Minneapolis Attorney Jeff Keyes of the Briggs and Morgan law firm.

Local Rules 67.1 and 83.11 amendments:

### LR 67.1 MONEY PAID INTO COURT
Unless otherwise ordered by the Court, all monies coming into the registry of this Court shall be deposited in an interest bearing account in a depository approved by the Treasurer of the United States, subject to withdrawl by checks drawn by the Clerk of Court pursuant to orders of the Court. The Clerk of Court shall deduct from the income earned on the investment a registry fee, as set by the Director of the Administrative Office of the United States Courts. The fee will be deducted when funds are withdrawn and distributed. For further registry fee information, refer to the Guide to Judiciary Policy and Procedures Chapter VII, Financial Management, Part I, Registry Funds.

### LR 83.11 DIVISIONS, OFFICES OF THE CLERK, CALENDARS
(a) Divisions. The State of Minnesota constitutes one judicial district, divided into six divisions. Cases in this District are assigned to particular divisions and particular judges pursuant to the Order for Assignment of Cases that has been adopted by the Judges of the District Court. The Order for Assignment of Cases may be modified from time to time as the District Court Judges see fit.

(b) Offices of the Clerk. The Clerk of Court maintains offices in St. Paul, Minneapolis, and Duluth. The St. Paul, Minneapolis and Duluth offices are open from 8:00 a.m. to 5:00 p.m. All offices are open Monday through Friday, with the following exceptions: New Year's Day; Martin Luther King, Jr.'s Birthday; President's Day; Memorial Day; Independence Day; Labor Day; Columbus Day; Veterans Day; Thanksgiving Day; and Christmas Day.

The files for matters pending before the Court are maintained in the office in the division to which the case is assigned. However, papers relative to any case may be filed in any office.

(c) Calendars. The Court operates on an individual calendar system. Judges in active service are assigned and assume responsibility for their proportionate share of the total cases filed in the district. Inquiries as to motions, probable trial date, or other matters having to do with a particular case may be addressed to the deputy clerk serving as calendar clerk for the Judge to whom the case has been assigned.